UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
Docket No. 3:14-cv-30023-MAP

CHARLES WILHITE
Plaintiff

v.

ANTHONY PIOGGIA, ET AL
Defendants

---

## MEMORANDUM OF LAW IN SUPPORT OF THE DEFENDANTS' MOTION TO BIFURCATE

---

The Defendants, **CITY OF SPRINGFIELD, ANTHONY PIOGGIA and STEVEN TATRO,** pursuant to Fed. R. Civ. P. 42, move this Court to enter an Order bifurcating the claims against the City of Springfield from the claims against the individual Defendant officers in the above-captioned matter.  Further, the Defendant moves that discovery pertaining to the claims against the City of Springfield, should be stayed until after the trial against the individual officers has concluded.

### Factual and Procedural Background

In the fall of 2009, the individual defendants, Anthony Pioggia and Steven Tatro, were investigating the murder of Alberto Hernandez.  During their investigation, Officer Pioggia, Officer Tatro and several other Springfield police officers took statements from witnesses regarding the murder.  Giselle Albelo was a civilian witness who provided statements to the police.  On October 22, 2009, a grand jury returned an indictment against the Plaintiff after hearing evidence presented by the District Attorney.  Giselle Albelo testified before the grand jury on behalf of the prosecution.  Two weeks later, on

1

November 3, 2009, Ms. Albelo signed an affidavit recanting her grand jury testimony and statements to police investigators.   On or about March 10, 2010, the police interviewed Nathan Perez about the murder of Alberto Hernandez.  Ultimately, Mr. Perez gave a statement to the police about the murder.  At the time he gave the statement, Mr. Perez was serving a sentence at the Hampden County Jail in Ludlow.

On December 7, 2010, a jury convicted the Plaintiff of first-degree murder. During the trial, the prosecution called nine (9) civilian witnesses.  Ms. Albelo and an individual Mr. Perez were two of the witnesses called by the prosecution.  About six months after the trial, on August 17, 2011, Mr. Perez signed an affidavit recanting his trial testimony and statements to police investigators.

On April 9, 2012, the trial court held an evidentiary hearing on the Plaintiff's motion for new trial.  Nathan Perez was the only civilian witness to testify during the motion hearing.  On May 14, 2012, the trial court granted the Plaintiff's motion for a new trial.   The Plaintiff's new trial began on January 7, 2013.  Ten days later, on January 17, 2013, the jury acquitted the Plaintiff of the charges against him.

On January 29, 2014, the Plaintiff filed the complaint in the above-captioned matter alleging that Officer Anthony Pioggia and Officer Steven Tatro coerced or intimated witnesses into giving false testimony against the Plaintiff.  The Plaintiff also alleged that the City of Springfield maintains an unconstitutional policy "permitting police officers to threaten, coerce, and intimidate witnesses in order to obtain witness statements and identifications of criminal suspects." *Compl.* ¶ 105.

On May 15, 2014, the Honorable Judge Kenneth P. Neiman issued a Scheduling Order which stated that all non-expert discovery be completed by May 15, 2015.  A trial

date was set for January 4, 2016.  As of the date of this filling, the parties have exchanged

several thousand documents during discovery.  On February 4, 2015, the Plaintiff

propounded a second set on document requests on the City requesting 10 to 15 years'

worth of internal documents.

**Argument**

*1.   **Separate trials would be in the interest of judicial economy.***

Fed. R. Civ. P, Rule 42 provides in relevant part:

> (b) Separate Trials. The court, in furtherance of convenience or to avoid
> prejudice, or when separate trials will be conducive to expedition and
> economy, may order a separate trial of any claim, cross-claim,
> counterclaim, or third- party claim, or of any separate issue or of any
> number of claims, cross-claims, counterclaims, third-party claims, or
> issues, always preserving inviolate the right of trial by jury as declared by
> the Seventh Amendment to the Constitution or as given by a statute of the
> United States.

Here, the purposes of Rule 42 would be met, as separate trials would "avoid

prejudice" and be "in furtherance of convenience" and will be "conducive to expedition

and economy."

In §1983 cases, the liability of individual police officers is legally and factually

distinct from the liability of the municipality.  In order for the officers to be found liable,

a jury must determine that the officers' actions during a specific incident violated a

person's constitutional rights.

To make out a case for municipal liability under 42 U.S.C. § 1983, the Supreme

Court has repeatedly held that liability can be found only where the municipality itself

causes the constitutional violation at issue.  Respondeat superior or vicarious liability will

not attach under §1983. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). The

Plaintiff here claims money damages pursuant to 42 U.S.C. § 1983 and § 1988 and the

3

Fourth and Fourteenth Amendments to the United States Constitution and under the common law of the Commonwealth of Massachusetts against the Officers, City of Springfield Police Commissioner William J. Fitchet and against the City of Springfield.

Bifurcation is preferable in these cases because there is a possibility of avoiding trial of the case against the City. If the Plaintiff's claims against the individual officers are dismissed or otherwise disposed of in favor of these individual officers, then the trial against the City is unnecessary. *See City of Los Angeles v. Heller*, 475 U.S. 796 (1986), *rehg denied*, 476 U.S. 1154 (1986), (jury finding that a police officer did not inflict any constitutional harm precludes excessive force damage award against a municipality). In *Los Angeles v. Heller,* the Supreme Court said that the district court correctly dismissed plaintiffs' claims against the city, because it could not be held liable for an injury that its police officers inflicted, despite proof of an unconstitutional city policy, after a jury had exonerated the individual police officers (in the first phase of a bifurcated trial). The Court wrote that neither:

> "*Monell* . . . nor any other of our cases authorizes the award of damages against a municipal corporation based on the actions of one of its officers when in fact the jury has concluded that the officer inflicted no constitutional harm. If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have *authorized* the use of constitutionally excessive force is quite beside the point." *Id.*, 475 U.S. at 799, 106 S.Ct. at 1573; *see also City of St. Louis v. Praprotnik*, 485 U.S. 112, 108 S.Ct. 915, 921, 99 L.Ed.2d 107 (1988).

Even if the Plaintiff is successful in his claims against the individual officers, the trial of the *Monell* claims can only establish the City as a liable party, not add to the amount of damages. Therefore, it is likely that the Plaintiff will be fully compensated by

a bifurcated trial because the City must indemnify of its police officers, under the provisions of Mass. Gen. Laws chapter 259, section 13, making any further litigation against the City pointless.  Trial of the *Monell* claims are only appropriate if the compensatory damage award exceed the City's indemnification obligations, or there is a finding of an intentional constitutional deprivation by officers.

### 2. *Separate Trials Would Avoid Prejudice to the Defendants*

In the present case, evidence relevant to prove liability against the City will include the prior disciplinary records of the defendant police officers and other police officers.  The introduction of this evidence will create a strong likelihood of prejudice to the defendant police officers which cannot be remedied through limiting instructions.

The claim against the City raises issues which will tend to complicate and confuse the issues raised against the Defendant officers, thereby causing prejudice. *See Ismael v. Cohen*, 706 F.Supp 243, (S.D.N.Y.1989).   *Ismael* dealt with civil rights claims against a New York City police officer and the City.  Separate trials were ordered so that evidence admissible on issues relating to the officer's conduct would "contaminate" the mind of the juror when considering the liability of the other Defendant, the city.  *Id.* at 251.

Separate trials were also ordered to avoid prejudice in *Ricciuti v. New York City Transit Authority*, 796 F.Supp. 84, 86, (S.D.N.Y.1992) where a §1983 action was brought against police officers and various municipal entities.  The court allowed bifurcation because the Jury may be may be unfairly influenced by evidence of deficient training procedures when determining the liability of the officers.

These same concerns exist in the present case, where the Jury will hear testimony regarding police training and prior police actions.  Therefore, the individual officers will

likely be prejudiced by this information.

   3. *Separate Discovery Would Expedite the Trial*

   The Court should allow bifurcated discovery so as to simplify and limit the scope of the Discovery process. With regard to the municipal claims, discovery would entails a broad fishing expedition through the training, discipline and employment files of the Police Department in an attempt to find widespread failures so pervasive that they allow an "inference of supervisory encouragement, condonation or even acquiescence." *See Voutour v. Vitale*, 761 F.2d 812, 820 (1st Cir.1985). Therefore, the municipal claims, involve discovery of voluminous records, including hundreds of arrests and police interviews. In addition, the Plaintiff will probably need experts in order to prove the causal connection between the City's policy and his harm. However, this information would only be relevant if the Plaintiff succeeds in proving that the individual officers violated his constitutional rights.

   By separating the municipal claim from the case against the individual officers, discovery will be simplified, as none of this information is relevant to proving that the actions of the individual officers were unconstitutional.

   In a similar cases involving these issues, the broad discovery requests associated with these types of *Monell* claims has led to pretrial disputes, motions and appeals involving protective orders. *See Santiago v. Fenton*, 891 F.2d 373 (1st Cir. 1989).

   The district court in *Myatt v. City of Chicago, et al*, 816 F.Supp. 1259, (N.D.Ill.1992), citing *City of Los Angeles v. Heller*, ordered bifurcation of the individual liability claims against the individual officers and the *Monell* §1983 excessive force claim as different evidence was required to prove the individual Defendants' liability and the city's liability under *Monell*.

These same issues exist in the present case.  The parties have already exchanged thousands of documents that a relevant to the liability of the individual police officers. The Plaintiff has recently propounded additional document requests on the City for the purpose of proving the claims of municipal liability.  These requests are seeking more than a decade's worth of documents.  The City would anticipate that compiling this information would take a considerable amount of time, which would necessitate an extension of the scheduling order.

However, if the Court allows discovery to be bifurcated the trial against the individual officers could occur much sooner than is anticipated in the current scheduling order. In addition, the parties would only need to conduct the additional *Monell* discovery if the Plaintiff succeeds in his claims against the defendant officers.

### Conclusion

For the above stated reasons, the Defendants' Motion to Bifurcate should be allowed and discovery pertaining to *Monell* claims against the City of Springfield should be stayed until after the trial against the individual officers is concluded.

### LOCAL RULE 7.1 (A)(2)

I, Anthony I. Wilson, Esq., hereby certify that I have complied with Local Rule 7.1 (A)(2).  I have conferred and attempted in good faith to resolve or narrow the issue of this motion with Plaintiff's counsel.

/s/ Anthony I. Wilson

_____

Anthony I. Wilson, Esq.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the within Defendant's Pleading was this day served upon Plaintiff via the Federal Court's ECF Notice and delivery System to all parties.

SIGNED under the pains and penalties of perjury.

Dated: March 5, 2015

/s/ Anthony I. Wilson
_____
Anthony I. Wilson, Esq.

**THE DEFENDANT,
CITY OF SPRINGFIELD**

/s/ John T. Liebel
/s/ Anthony I. Wilson

By,_____
John T. Liebel, Esq. BBO # 299660
Anthony I. Wilson  BBO# 682573
City of Springfield Law Department
36 Court Street, Room 210
Springfield, MA 01103
Phone (413) 787-6085
Fax:   (413) 787-6173

**THE DEFENDANTS,
ANTHONY PIOGGIA and
STEVEN TATRO**

/s/ Kevin B. Coyle
By,_____
Kevin B. Coyle, Esq.,  BBO # 103540
1299 Page Blvd.
Springfield, MA 01104
Phone (413) 787-1524
Fax:   (413) 787-1703

8